**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 03-1476**

---

HIBAQ IBRAHIM MOHAMED,

Petitioner,

versus

JOHN ASHCROFT, Attorney General,

Respondent.

---

On Petition for Review of an Order of the Board of Immigration Appeals. (A78-351-153)

---

Submitted: January 21, 2004          Decided: March 16, 2004

---

Before WILKINSON, TRAXLER, and GREGORY, Circuit Judges.

---

Petition denied by unpublished per curiam opinion.

---

Hibaq Ibrahim Mohamed, Petitioner Pro Se.  Allen Warren Hausman, Judy L. Forrest, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Hibaq Ibrahim Mohamed, a native and citizen of Somalia, petitions this court for review of an order of the Board of Immigration Appeals ("Board") affirming the immigration judge's denial of asylum, withholding of removal, and relief under the Convention Against Torture. Mohamed contends that she provided detailed, consistent and plausible testimony sufficient to support her asylum claim. See 8 U.S.C.A. § 1158 (West 1999 & Supp. 2003); 8 U.S.C. § 1101(a)(42)(A) (2000). We have reviewed the record, the immigration judge's decision, and the Board's conclusion, and find that substantial evidence supports the immigration judge's ruling that Mohamed failed to establish refugee status. 8 U.S.C. § 1252(b)(4) (2000).

We conclude as well that Mohamed is not entitled to withholding of removal under 8 U.S.C. § 1231(b)(3) (2000), or under the U.N. Convention Against Torture. The immigration judge did not err in finding that Mohamed failed to show a "clear probability of persecution." See Rusu v. INS, 296 F.3d 316, 324 n.13 (4th Cir. 2002) ("To qualify for withholding of removal, a petitioner must show that he faces a clear probability of persecution because of his race, religion, nationality, membership in a particular social group, or political opinion."). Nor did Mohamed establish that it is "more likely than not" that she would face torture if she returned to Somalia. 8 C.F.R. § 1208.16(c)(2) (2003) (to qualify

for protection under the Convention Against Torture, an alien must show "it is more likely than not that he or she would be tortured if removed to the proposed country of removal").

We deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED
